USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
JOHN KEITH BLAKELY, et al.,        :
        :
        Plaintiffs,        :        13 Civ. 2140 (JMF)
        :
        -v-        :        MEMORANDUM OPINION
        :        AND ORDER
JACOB E. LEW, Secretary of the U.S. Department of        :
the Treasury, and DANIEL WERFEL, Acting        :
Commissioner of the U.S. Internal Revenue Service,        :
in their official capacities,        :
        :
        Defendants.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In this action, John Keith Blakely, Rhonda L. Blakely, and the estates of John E. Long and Virginia E. Long (collectively, "Plaintiffs") seek a writ of mandamus against the Commissioner of the Internal Revenue Service ("IRS") and Secretary of the Treasury (collectively, "Defendants"), pursuant to 28 U.S.C. § 1361.  Specifically, Plaintiffs seek a writ directing Defendants to (1) treat certain assets that Plaintiffs tendered to the IRS in a civil forfeiture action as tax payments; (2) address Plaintiffs' claims for a tax refund; and (3) divulge the contents of a formal review Plaintiffs claim the IRS conducted regarding their refund claims.  (Am. Compl. ¶ 1 (Docket No. 15)).  Defendants move (Docket No. 22) to dismiss the action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer the action to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1406.  (Defs.' Mem. Law. Supp. Mot. Dismiss or Transfer 1 ("Defs.' Mem") (Docket No. 23)).  Plaintiffs oppose the motion but request (Docket No. 30) that if the Court determines venue to be improper, the case be transferred to the United States District Court for the District of Columbia.  (Pls.' Mem. Opp. Mot. Dismiss or Transfer 5 ("Pls.' Mem.") (Docket No. 25)).

For the reasons stated below, Defendants' motion to dismiss the case is GRANTED.

## BACKGROUND

On a motion to dismiss for improper venue under Rule 12(b)(3), a court generally accepts as true the factual allegations in the non-moving party's pleadings, and draws all reasonable inferences in favor of the party opposing the motion. *See, e.g.*, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *Vann v. Fischer*, No. 11 Civ. 1958 (JPO), 2012 WL 2384428, at *4 (S.D.N.Y. June 21, 2012). A court may, however, consider facts and documents outside the complaint in ruling on a Rule 12(b)(3) motion. *See, e.g.*, *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir.2005); *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012). Accordingly, the following facts, construed in Plaintiffs' favor, are drawn from the Amended Complaint, attached materials, and judicial opinions cited in Defendants' memorandum relating to proceedings that Plaintiffs brought in other judicial districts.[1]

In 1992, the IRS opened a criminal investigation into Plaintiffs' operation of their business, County Folk Art Shows ("CFAS").[2] The investigation revealed that Plaintiffs had failed to pay income tax on the full amount of income they had derived from the business, and that they had violated laws against "structuring" by "placing income in amounts less than $10,000 in various banks in order to avoid

---

[1] In the Amended Complaint, Plaintiffs rely extensively on documents contained in an Appendix. The Amended Complaint, however, does not include the relevant Appendix; it is attached only to the original Complaint. Although "an amended complaint ordinarily supersedes the original, and renders it of no legal effect," *Dluhos v. Floating & Abandoned Vessel Known as "New York,"* 162 F.3d 63, 68 (2d Cir. 1998), it is clear that Plaintiffs intended to attach the Appendix to the Amended Complaint. Accordingly, the Court considers the Appendix attached to the original Complaint as incorporated into the Amended Complaint. *See Wellington v. Langendorf*, No. 12 Civ. 1019 (FJS), 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013) (considering exhibits that a *pro se* plaintiff included with the initial complaint, but omitted from the amended complaint, as incorporated into the amended complaint).

[2] In the Background and Discussion sections of this Memorandum Opinion and Order, the term "Plaintiffs" refers to John Keith and Rhonda Blakely, as well as Virginia and John Long as individuals, rather than their estates.

government reporting requirements on cash transactions." *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). All four Plaintiffs were indicted by a grand jury in the Eastern District of Michigan and eventually pleaded guilty to criminal tax evasion. *See id.* John Blakely and John Long also pleaded guilty to willfully structuring bank deposits, although the District Court later vacated those counts of conviction in light of the Supreme Court's subsequent decision in *Ratzlaf v. United States*, 510 U.S. 135 (1994), regarding the *mens rea* required for structuring. *See Blakely*, 276 F.3d at 860.

At or about the same time, the Government also brought a civil forfeiture action against Plaintiffs in the Eastern District of Michigan. *See id.* Plaintiffs eventually resolved the civil forfeiture charges by entering into a consent judgment with the Government. *See id.* Pursuant to the consent judgment, Plaintiffs forfeited various assets worth approximately $4 million, including certain real property and funds that they held in various bank accounts. (Am. Compl. ¶ 29; Compl. App'x 46-57).

Beginning in 1998, Plaintiffs took various steps to challenge and recover the assets forfeited pursuant to the consent judgment. In particular, Plaintiffs filed seven motions pursuant to Federal Rule of Civil Procedure 60(b) seeking to have the consent judgment invalidated, each of which was denied by the United States District Court for the Eastern District of Michigan and affirmed by the Sixth Circuit Court of Appeals. *See United States v. Real Prop. 6185 Brandywine Drive*, 326 Fed. App'x 383 (6th Cir. 2009) (per curiam) ("*Brandywine Drive III*"); *United States v. Real Prop. 6185 Brandywine Drive*, 66 Fed. App'x 617, 619 (6th Cir. 2003) ("*Brandywine Drive I*"). The District Court dismissed a separate action in which Plaintiffs challenged the consent judgment as fraudulent and unconstitutional, a ruling that the Sixth Circuit also affirmed. *See Blakely v. United States*, 276 F.3d at 866. Plaintiffs also attempted unsuccessfully to recover the assets through more informal means, by communicating with officers at the IRS and U.S. Department of Justice ("DOJ") regarding a purported tax refund based on the forfeiture. (Am. Compl. ¶¶ 35-38; Compl. App'x 79-81 (documentation of tax refund claim);

Compl. App'x 84-87 (correspondence regarding the tax refund claim from officers at DOJ and the IRS)).

Significantly, the Sixth Circuit and the District Court criticized the conduct of Plaintiffs' counsel in his various attempts to have the consent judgment invalidated. At one point, for example, the District Court cited Plaintiffs' counsel for deceptive behavior, stating that it "could clearly be grounds for sanctions," *United States v. Certain Real Prop. Located at 6185 Brandywine Drive*, No. 92 Civ. 40157 (PVG), 2007 WL 2049887, at *3 (E.D. Mich. July 17, 2007) ("*Brandywine Drive II*"). And the Sixth Circuit described a summary of Plaintiffs' claims as "misleading to a degree approaching fraud." *Brandywine Drive I*, 66 Fed. App'x at 621 n.5. Plaintiffs have now come to this Court seeking a writ of mandamus that would direct the IRS to, among other things, treat the value of the forfeited property as a tax payment.

## DISCUSSION

In an action against an officer or employee of the United States, venue is proper

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Here, there is no claim that any defendants or plaintiffs reside in the Southern District of New York; accordingly, Plaintiffs rely solely on subsection (B). To determine whether it is satisfied, the Court must engage in a two-part inquiry. First, the Court must "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). Second, it must "determine whether a substantial part of those acts or omissions occurred in the district where the suit was filed." *Id.*

Conducting that inquiry here, it is plain that venue is improper in the Southern District of New

York. The consent judgment into which Plaintiffs entered, and which Plaintiffs contend should be treated as a tax payment, was entered into in the Eastern District of Michigan. (Compl. App'x 46, 52). Similarly, the Eastern District of Michigan is where the two surviving Plaintiffs maintain at least one residence (Am. Compl. ¶ 15); where Plaintiffs were indicted, *see United States v. Long*, 92 Cr. 50084; and where Plaintiffs entered their guilty pleas, *see id.*, Docket Nos. 11-15. The only other district in which venue could arguably lie is the District of Columbia, which is where officers at the IRS and DOJ were located when they denied Plaintiffs' requests for a tax refund. (*See* Compl. App'x 84-87).

By contrast, the connections Plaintiffs identify between their claims and the Southern District of New York are far too tenuous to support venue. Plaintiffs point out that their counsel communicated with government officials from his office in New York (Am. Compl. ¶¶ 8, 43-44), that counsel prepared Plaintiffs' initial refund demand letter from his New York office (*id.* ¶ 9), and that Plaintiffs once met with counsel "in the vicinity of New York City" (*id.* ¶ 15). These are not, however, the acts that Plaintiffs allege to have given rise to their claims; the action is predicated on the consent judgment that Plaintiffs entered into with the Government, as well as the Government's decision not to treat the assets forfeited as a tax payment. *See also Birnbaum v. Blum*, 546 F. Supp. 1363, 1367 (S.D.N.Y. 1982) (holding that the location of respondents' attorneys in New York was "no substitute for the law's clear mandate that the action may only be tried in the district 'where all defendants reside, or in which the claim arose'" (internal quotation marks omitted)). And while it is true, as Plaintiffs point out, that the Mandamus and Venue Act of 1962 was intended to expand the venue choices for plaintiffs who bring mandamus actions against federal officers (*see* Pls.' Opp'n 13-16 (Docket No. 25) (citing *Stafford v. Briggs*, 444 U.S. 527, 534 (1980)), the Act did so by enacting the statutory language of 28 U.S.C. § 1391(e). By its terms, that language does not provide Plaintiff with a basis for venue in this District.

Having determined that venue is not proper in this District, the Court must either "dismiss, or if

it be in the interest of justice, transfer [the] case to any district in which it could have been brought." 28 U.S.C. § 1406(a); *see Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice," *Daniel*, 428 F.3d at 435, and "[a] court may decline to order a transfer if it determines that the case was filed in bad faith or as a form of harassment," *Williams v. Nathan*, 897 F. Supp. 72, 77 (E.D.N.Y. 1995); *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992) (affirming the district court's decision to dismiss, rather than transfer, where the plaintiffs had exhibited a "lack of diligence in choosing a proper forum," and where the "plaintiffs' attempt to transfer the case was, in some respect, forum shopping"); 17 Moore's Federal Practice § 111.34[3] (2013) (explaining that "transfer will not be in the interest of justice . . . if the plaintiff brought the action in the wrong district . . . in an attempt to circumvent an adverse ruling in a related action pending elsewhere"); *Feldman v. L & M Mowing, Inc.*, No. 98 Civ. 4246 (SJ), 1999 WL 284983, at *3 (E.D.N.Y. May 3, 1999) (dismissing, rather than transferring, where "none of the complaint's allegations support even a colorable argument for venue in [the] district").

Although this case could have been brought in the Eastern District of Michigan, and perhaps in the District of Columbia, the Court concludes that dismissal, rather than transfer, is appropriate. At bottom, there is no colorable argument for venue in this district, and Plaintiffs' history in the Eastern District of Michigan suggests that they are engaging in impermissible forum shopping to avoid the adverse rulings that have been issued against them there. *Cf. Spar*, 956 F.2d at 395 (stating that while "a plaintiff . . . has the option of shopping for a forum with the most favorable law before it makes a decision to initiate an action in a particular district[,] [o]nce a plaintiff has commenced its action, . . . its opportunity to search for a more conducive forum ordinarily is concluded" (internal quotation marks and citations omitted)). As discussed above, Plaintiffs launched many doomed efforts in the Eastern District of Michigan to challenge the consent judgment, and one judge has even threatened to refer Plaintiffs'

counsel for disciplinary proceedings. *See Brandywine Drive II*, 2007 WL 2049887, at *3 n.3. Plaintiffs' statement that the Sixth Circuit's previous rulings have "no significance for this lawsuit" because that court ruled that the "consent judgment of forfeiture's only lawful basis was that it was being used to pay off a portion of Plaintiffs' tax liability" (Pls.' Opp'n 6-7) is wholly inaccurate. As a matter of fact, the Sixth Circuit affirmed the lower court's dismissal of Plaintiffs' claims under federal statutes pertaining to wrongfully collected taxes, characterizing the Plaintiffs' claims for tax refunds as an "end run around the federal Defendants' sovereign immunity" and noting that the suit ultimately "revolve[d] around [Plaintiffs'] challenge to the consent judgment." *Blakely*, 276 F.3d at 874 n.9. Finally, Plaintiffs have identified no other reason, such as the expiration of a statute of limitations, *see Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011), why a transfer would be in the interest of justice. Accordingly, the Court exercises its discretion to dismiss the case.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate Docket Nos. 22 and 30. The Clerk of Court is further directed to terminate Docket No. 17 as moot. In addition, Plaintiffs' request for a case management teleconference (Docket No. 34, Attachment 1) is denied as moot. Finally, the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 30, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge